IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDON MICHAEL MEYER,

        Petitioner,                    No. 2:12-cv-0887 GGH P

    vs.

MICHAEL BABCOCK, et al.,

        Respondents.             ORDER

_____/

        Petitioner, a federal prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This case is before the undersigned pursuant to petitioner's consent.  Doc. 3.

        In the instant case, petitioner alleges that the district court for the Southern District of Iowa, in case 1:08-cr-00030 JEG RAW, erred in accepting his guilty plea, as there was no factual basis to find him guilty of a firearm offense and the evidence failed to establish his possession of a firearm in furtherance of a drug trafficking crime.[1]  Petitioner was ordered to show cause why this case should not be construed as a § 2255 motion and dismissed or transferred. Petitioner has filed a response and states he is actually innocent and seeks use of the "escape hatch."

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

A federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so. See Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) ("The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." (citation omitted)). There is, however, an exception to that general rule. Under the "escape hatch" of § 2255, a federal prisoner may file a § 2241 petition if, and only if, the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." Id. (internal quotation marks omitted). We have held that a prisoner may file a § 2241 petition under the escape hatch when the prisoner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Id. at 898 (internal quotation marks omitted).

While petitioner uses the phrases "actual and factually innocent," he has failed to introduce any evidence that he did not possess the firearm and it was not in furtherance of a drug trafficking crime.[2] Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012). Of course, petitioner pled guilty in the instant case, and he is attempting to bootstrap a Rule 11 plea colloquy claim into an actual innocence claim. Petitioner has failed to provide any arguments or evidence to succeed in this attempt.

Nor has petitioner sufficiently addressed that he has not had an unobstructed procedural shot at presenting this claim with respect to his efforts in the Southern District of Iowa and the Eighth Circuit. A search of court records in the Southern District of Iowa indicates that petitioner previously brought a § 2255 motion in that district, 4:11-cv-00274 JEG, that was dismissed as untimely on December 19, 2011. Court records also indicate that petitioner filed an appeal in the United States Court of Appeals for the Eighth Circuit on April 17, 2012, that was denied on June 8, 2012. Petitioner simply stating he has not had an unobstructed shot with these

---

[2] The drugs and gun appear to have been in an apartment petitioner shared with his girlfriend, and petitioner argues about the legal elements of possession.

claims is insufficient. As bringing another § 2255 motion requires the Eighth Circuit Court of Appeals to authorize a successive motion, this action will be dismissed and petitioner may decide if wishes to proceed in the Southern District of Iowa and the Eighth Circuit.

In accordance with the above, IT IS HEREBY ORDERED that this case is dismissed and closed and a certificate of appealability is not issued in this action.

DATED: August 14, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
meye0887.dis